# RUBIN & LICATESI, P.C.
ATTORNEYS AT LAW

591 Stewart Avenue, Garden City, NY 11530
(516) 227-2662   (718) 712-6864   (212) 867-9610   Fax (516) 227-3374
www.rubinlicatesi.com

RICHARD HARRIS RUBIN
ANTHONY J. LICATESI

OF COUNSEL
TINAMARIE FRANZONI

JEANINE A. OBERSTER
ALAN M. ELIS
JENNIFER M. SPINA-AHLFELD

May 24, 2012

Honorable Allyne R. Ross
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   State Farm Mutual Automobile Insurance Company v. Superior Medical Rehab, P.C. and Sima Anand, M.D.
Civil Action No: CV-12-2234

Dear Honorable Ross:

We are counsel for defendants Superior Medical Rehab, P.C. and Sima Anand, M.D. in the above-captioned action. We write, per your standing rules, for a pre-motion conference. The following is a brief description of the facts of the case and Defendants legal position and its request for leave to file a motion pursuant to Fed. Civ. P. 12(b)(6), seeking a dismissal of the Complaint for failure to state a claim for which relief can be granted, pursuant to Fed. R. Civ. P. 9(b) for failure to allege fraud with particularity, and for failure to adequately plead a claim for unjust enrichment.

*1. Introduction*

Plaintiff's complaint alleges against defendant common law fraud in that plaintiff, State Farm Mutual Automobile Insurance Company (hereinafter "State Farm") seeks the return of moneys paid for reimbursement of healthcare services and a declaratory judgment that it does not have to pay defendants for the medical services provided under New York's no-fault system for reimbursement to motor vehicle victims.

Plaintiff's Complaint includes three (3) counts, Declaratory Relief under 28 U.S.C. § 2201 and 2202, common law fraud and unjust enrichment. The primary thrust of plaintiff's Complaint is that defendant, Superior Medical Rehab, P.C. (hereinafter "Superior") was fraudulently incorporated and that Dr. Anand has made fraudulent representations to plaintiff.

Defendant, Sima Anand is a licensed Medical Doctor in the State of New York and specializes in physical medicine and rehabilitation. Dr. Anand incorporated and is the sole owner of defendant, Superior. Dr. Anand, through Superior, provides medical services to patients, some of who were injured as a result of automobile accidents. Said medical services are entitled to reimbursement under New York's no-fault system for reimbursement to motor vehicle victims. N.Y. Ins. Law §§5101. Plaintiff's insureds are or have received services provided by Dr. Anand. Dr. Anand and Superior has properly billed for the services performed to all of her patients and is entitled to payment from Plaintiff.

*2. State Farm Has Failed To Plead A Claim Upon Which Relief Can Be Granted*

A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 129 S. Ct. 1937, at 1949, 173 L. Ed. 2d 868 (2009). Plaintiff's complaint fails to specifically state what actions were the fraudulent misrepresentations to defraud Plaintiffs. The allegations contained in the Complaint regarding the alleged "fraudulent incorporation" are only conclusory statements and the Complaint lacks any specific allegations as to how the incorporation is or was at any time fraudulent. State Farm fails to make any allegations concerning the factual basis of its conclusions with regard to "fraud", which is statutorily required.

The Complaint fails to set forth specific "facts" to enable Defendants to determine the specific claims at issue in the complaint and defend themselves against those claims. Plaintiff does not identify the names of the claimants, or the dates that the claims were submitted, or their amounts, or why each individual claims was purportedly fraudulent. Rather, Plaintiff lists various medical treatments instituted by Dr. Anand which are common to car accident patients and draws conclusions to allege fraud.

Plaintiff, also in a conclusory fashion, sets forth vague and generalized scheme by Sima Anand, M.D. in treating her patients to purport as fraud. Rule 9(b) requires that fraud be pled with particularity. Rule 9(b)'s specificity requirement "is intended to provide a defendant with fair notice of plaintiff's claim, to safeguard a defendant's reputation from improvident charges of wrongdoing, and to protect a defendant against the institution of a strike suit." Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994)

The complaint, therefore, fails to put defendants on notice as to which claims State Farm asserts are fraudulent, and precisely what manner those claims are alleged to be fraudulent and, as such, has failed to plead with sufficient specificity. State Farm Mut. Auto Ins. Co. v. James M. Liguori, M.D., 589 F. Supp. 2d 221, 238 (E.D.N.Y. 2008).

Plaintiff's allegations of "Fraudulent Services" as alleged are also unfounded and conclusory, and plaintiff lays no foundation for such accusations. Plaintiff asserts certain documented false statements as truths despite being previously supplied with documentary proof of the contrary.

A main component of plaintiff's claims rest on the assertion that Superior was fraudulently incorporated. Plaintiff asserts that Dr. Anand was "one of a number of doctors that appear to have been used as a revolving door of "paper owners." Plaintiff has no evidentiary proof of such allegations nor does it specifically state what actions were the fraudulent misrepresentations to defraud Plaintiff. Defendants have provided Plaintiff on numerous occasions the incorporation documents of Superior, which show that Dr. Anand is the sole owner, controller, operator and incorporator of Superior. The allegations contained in the Complaint regarding the alleged "fraudulent incorporation" are only conclusory statements and the Complaint lacks any specific allegations as to how the incorporation is or was at any time fraudulent.

Lastly, Plaintiff's common law fraud count clearly sounds in breach of contract, which in of itself justifies dismissal. The law is well settled that a claim based on failure to perform a contract

does not state a claim for fraud. The Plaintiff cannot avoid that the No-Fault benefits it owes are due under private insurance contracts. Plaintiff is attempting to disguise alleged breach of contract claims as fraud which fails most as a matter of law.

### 3. *Plaintiff's Unjust Enrichment Claim Fails As A Matter Of Law*

The complaint fails to allege how the Defendants were enriched at the Plaintiff's expense. Superior provided medical services to patients who were injured as a result of automobile accidents. In each and every instance, the Plaintiff's insureds received the services provided by Superior. State Farm was obligated to pay for healthcare services incurred by its insureds. Furthermore, unjust enrichment claims, however, are inapplicable when "a valid and enforceable written contract govern[s]…the same subject matter. Shah v. Micro Connections Inc., 286 A.D.2d 433, 433-34, 729 N.Y.S.2d 497 (2d Dep't 2001). Plaintiff's claim for unjust enrichment fails because Plaintiff admits that each of the "claims" it seeks reimbursement on is predicated on the existence of a valid written contract – the insurance policies with its insureds. As a result, Plaintiff is precluded from invoking a claim under the theory of unjust enrichment based on the same set of facts.

Failure to meet the basic requirements for pleading is a basis for dismissal of the complaint. S.Q.K.F.C., Inc. v. Bell Atlantic TriCon Leasing Corp., 84 F.3d 629, 636 (2nd Cir. 1996). Based on the foregoing, a motion to dismiss Plaintiff's Complaint is warranted.

In conclusion, Defendants request permission for leave to make a motion to dismiss the complaint.

Respectfully submitted,

Anthony J. Licatesi (AL 9873)
Alan M. Elis (AE 1460)


cc:   Ira G. Greenberg (IG-6156)