Anthony J. Licatesi, Esq (AL-9873)
Alan M. Elis, Esq. (AE-1460)
Jennifer M. Spina, Esq. (JS-9411)
RUBIN & LICATESI, P.C.
591 Stewart Avenue, Fourth Floor
Garden City, NY 11530
(516) 227-2662
alicatesi@rubinlicatesi.com
aelis@rubinlicatesi.com
jspina@rubinlicatesi.com

*Attorneys for the Defendants*

UINTED STATES DISCTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

                    **ANSWER**

             Plaintiff,

          -against-              **INDEX: CV 12-2234**

SUPERIOR MEDICAL REHAB, P.C. and
SIMA ANAND, M.D.,

             Defendants.

-----------------------------------------------------------------x

Defendants SUPERIOR MECIAL REHAB, P.C. (hereinafter "Superior Medical") and SIMA

ANAND, M.D. (hereinafter "Dr. Anand") by their attorneys, RUBIN & LICATESI, P.C., as and for

their Answer to the Complaint of the Plaintiff, allege upon information and belief as follows:

    1.     Deny the allegations contained in paragraph 1 of the Complaint.

    2.     Deny the allegations contained in paragraph 2 of the Complaint.

    3.     Deny the allegations contained in paragraph 3 of the Complaint.

    4.     Deny the allegations contained in paragraph 4 of the Complaint.

5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, but admit that the Plaintiff, State Farm Mutual Automobile Insurance Company (hereinafter "Sate Farm"), engages in the business of insurance in the State of New York.

6.      Admit the allegation contained in paragraph 6 of the Complaint.

7.      Admit the allegation contained in paragraph 7 of the Complaint.

8.      Admit the allegation contained in paragraph 8 of the Complaint.

9.      Admit the allegation contained in paragraph 9 of the Complaint.

10.     Admit the allegation contained in paragraph 10 of the Complaint.

11.     Deny the allegations contained in paragraph 11 of the Complaint, in that the New York No-Fault statutes and regulations speak for themselves and respectfully refer all conclusions of law to the Court.

12.     Deny the allegations contained in paragraph 12 of the Complaint in that the New York No-Fault statutes and regulations speak for themselves and respectfully refer all conclusions of law to the Court.

13.     Deny the allegations contained in paragraph 13 of the Complaint in that the New York No-Fault statutes and regulations speak for themselves and respectfully refer all conclusions of law to the Court.

14.     Deny the allegations contained in paragraph 14 of the Complaint in that the New York No-Fault statutes and regulations speak for themselves and respectfully refer all conclusions of law to the Court.

15.     Deny the allegations contained in paragraph 15 of the Complaint in that the New York

2

No-Fault statutes and regulations and case law speak for themselves and respectfully refer all conclusions of law to the Court.

16.     Deny the allegations contained in paragraph 16 of the Complaint in that the New York No-Fault statutes and regulations speak for themselves and respectfully refer all conclusions of law to the Court.

17.     Deny the allegations contained in paragraph 17 of the Complaint in that the New York No-Fault statutes and regulations speak for themselves and respectfully refer all conclusions of law to the Court.

18.     Deny the allegations contained in paragraph 18 of the Complaint in that the New York No-Fault statutes and regulations speak for themselves and respectfully refer all conclusions of law to the Court.

19.     Deny the allegations contained in paragraph 19 of the Complaint in that the New York No-Fault statutes and regulations speak for themselves and respectfully refer all conclusions of law to the Court.

20.     Deny the allegations contained in paragraph 20 of the Complaint in that the New York No-Fault statutes and regulations speak for themselves and respectfully refer all conclusions of law to the Court.

21.     Deny the allegations contained in paragraph 21 of the Complaint in that the New York No-Fault statutes and regulations speak for themselves and respectfully refer all conclusions of law to the Court.

22.     Deny the allegations contained in paragraph 22 of the Complaint in that the New York No-Fault statutes and regulations speak for themselves and respectfully refer all conclusions of law

3

to the Court.

23.     Deny the allegations contained in paragraph 23 of the Complaint in that the New York No-Fault statutes and regulations speak for themselves and respectfully refer all conclusions of law to the Court.

24.     Deny the allegations contained in paragraph 24 of the Complaint in that the New York No-Fault statutes and regulations speak for themselves and respectfully refer all conclusions of law to the Court.

25.     Deny the allegations contained in paragraph 25 of the Complaint in that the New York No-Fault statutes and regulations speak for themselves and respectfully refer all conclusions of law to the Court.

26.     Deny the allegations contained in paragraph 26 of the Complaint in that the New York No-Fault statutes and regulations speak for themselves and respectfully refer all conclusions of law to the Court.

27.     Deny the allegations contained in paragraph 27 of the Complaint in that the New York No-Fault statutes and regulations speak for themselves and respectfully refer all conclusions of law to the Court.

28.     Deny the allegations contained in paragraph 28 of the Complaint in that the New York No-Fault statutes and regulations speak for themselves and respectfully refer all conclusions of law to the Court.

29.     Deny the allegations contained in paragraph 29 of the Complaint in that the New York No-Fault statutes and regulations speak for themselves and respectfully refer all conclusions of law to the Court.

4

30.     Deny the allegations contained in paragraph 30 of the Complaint in that the New York No-Fault statutes and regulations speak for themselves and respectfully refer all conclusions of law to the Court.

31.     Deny the allegations contained in paragraph 31 of the Complaint in that the New York No-Fault statutes and regulations and Insurance Department Opinion Letter speak for themselves and respectfully refer all conclusions of law to the Court.

32.     Deny the allegations contained in paragraph 32 of the Complaint, except admit that Superior Medical has and always has been located at 35-50 92nd Street, Jackson Heights, New York, is owned by Dr. Anand, was incorporated on or about September 17, 2007 and that Dr. Anand through Superior Medical submitted claims to the Plaintiff pursuant to assignments of No-Fault benefits signed by the patients of Superior Medical.

33.     Deny the allegations contained in paragraph 33 of the Complaint, except admit that Dr. Anand submitted claims to the Plaintiff pursuant to assignments of No-Fault benefits signed by the patients of Superior Medical, located at 35-50 92nd Street, Jackson Heights, New York, and submitted claims to the Plaintiff pursuant to assignments of No-Fault benefits signed by the patients of Dr. Anand, in her individual capacity, located at 1705 New York Avenue, Huntington Station, New York.

34.     Deny the allegations contained in paragraph 34 of the Complaint.

35.     Deny the allegations contained in paragraph 35 of the Complaint and respectfully refer the Court to the matter of State Farm Mutual Automobile Insurance Company v. Manuel Farescal, M.D., All Family Medical P.C., Universal Medical P.C., Adnan Munawar, Painpro Medical P.C. and P. Clifford Lobrutto; Supreme Court, Queens County, Index no. 23091/2008, which was

5

discontinued on October 11, 2010 by stipulation signed by all parties and filed with the Court.

36.     Deny the allegations contained in paragraph 36 of the Complaint.

37.     Deny the allegations contained in paragraph 37 of the Complaint.

38.     Deny the allegations contained in paragraph 38 of the Complaint except admits that
Adnan Munawar was merely a W-2 employee, who had no controlling interest in All Family
Medical, P.C. or Universal Medical, P.C. and that Adnan Munawar resigned his position as
administrator to pursue a legal career and is now a licensed New York State attorney as well as an
Administrative Law Judge.

39.     Deny the allegations contained in paragraph 39 of the Complaint and respectfully
refer the Court to the matter of State Farm Mutual Automobile Insurance Company v. Manuel
Farescal, M.D., All Family Medical P.C., Universal Medical P.C., Adnan Munawar, Painpro Medical
P.C. and P. Clifford Lobrutto; Supreme Court, Queens County, Index no. 23091/2008, which was
discontinued on October 11, 2010 by stipulation signed by all parties and filed with the Court and
admits that Adnan Munawar had established, and subsequently left, a billing company known as
Amsac, Inc., which did not have an interest in, or control over, any of its healthcare clients.

40.     Deny the allegations contained in paragraph 40 of the Complaint, except admit that
Amsac, Inc. is under contract to perform billing services for Superior Medical and Dr. Anand.

41.     Deny the allegations contained in paragraph 41 of the Complaint.

42.     Deny the allegations contained in paragraph 42 of the Complaint.

43.     Deny the allegations contained in paragraph 43 of the Complaint.

44.     Deny the allegations contained in paragraph 44 of the Complaint.

45.     Deny the allegations contained in paragraph 45 of the Complaint.

6

46.     Deny the allegations contained in paragraph 46 of the Complaint.

47.     Deny the allegations contained in paragraph 47 of the Complaint.

48.     Deny the allegations contained in paragraph 48 of the Complaint.

49.     Deny the allegations contained in paragraph 49 of the Complaint.

50.     Deny the allegations contained in paragraph 50 of the Complaint.

51.     Deny the allegations contained in paragraph 51 of the Complaint.

52.     Deny the allegations contained in paragraph 52 of the Complaint.

53.     Deny the allegations contained in paragraph 53 of the Complaint.

54.     Deny the allegations contained in paragraph 54 of the Complaint.

55.     Deny the allegations contained in paragraph 55 of the Complaint.

56.     Deny the allegations contained in paragraph 56 of the Complaint.

57.     Deny the allegations contained in paragraph 57 of the Complaint.

58.     Deny the allegations contained in paragraph 58 of the Complaint.

59.     Deny the allegations contained in paragraph 59 of the Complaint.

60.     Deny the allegations contained in paragraph 60 of the Complaint in that the recommendations of the American Association of Neuromuscular Electrodiagnostic Medicine (hereinafter "AANEM") speak for themselves.

61.     Deny the allegations contained in paragraph 61 of the Complaint.

62.     Deny the allegations contained in paragraph 62 of the Complaint.

63.     Deny the allegations contained in paragraph 63 of the Complaint in that the AANEM recommendations speak for themselves.

64.     Deny the allegations contained in paragraph 64 of the Complaint.

7

65.   Deny the allegations contained in paragraph 65 of the Complaint.

66.   Deny the allegations contained in paragraph 66 of the Complaint.

67.   Deny the allegations contained in paragraph 67 of the Complaint.

68.   Deny the allegations contained in paragraph 68 of the Complaint.

69.   Deny the allegations contained in paragraph 69 of the Complaint.

70.   Deny the allegations contained in paragraph 70 of the Complaint and the Fee

Schedule speaks for itself.

71.   Deny the allegations contained in paragraph 71 of the Complaint.

72.   Deny the allegations contained in paragraph 72 of the Complaint.

73.   Deny the allegations contained in paragraph 73 of the Complaint.

74.   Deny the allegations contained in paragraph 74 of the Complaint.

75.   Deny the allegations contained in paragraph 75 of the Complaint, but the Fee

Schedule speaks for itself.

76.   Deny the allegations contained in paragraph 76 of the Complaint.

77.   Deny the allegations contained in paragraph 77 of the Complaint.

78.   Deny the allegations contained in paragraph 78 of the Complaint.

79.   Deny the allegations contained in paragraph 79 of the Complaint.

80.   Deny the allegations contained in paragraph 80 of the Complaint.

81.   Deny the allegations contained in paragraph 81 of the Complaint.

82.   Deny the allegations contained in paragraph 82 of the Complaint.

83.   Deny the allegations contained in paragraph 83 of the Complaint.

84.   Deny the allegations contained in paragraph 84 of the Complaint.

8

85. Deny the allegations contained in paragraph 85 of the Complaint.

86. Deny the allegations contained in paragraph 86 of the Complaint.

87. Deny the allegations contained in paragraph 87 of the Complaint.

88. Deny the allegations contained in paragraph 88 of the Complaint.

89. Deny the allegations contained in paragraph 89 of the Complaint.

90. Deny the allegations contained in paragraph 90 of the Complaint.

91. Deny the allegations contained in paragraph 91 of the Complaint.

92. Deny the allegations contained in paragraph 92 of the Complaint.

93. Deny the allegations contained in paragraph 93 of the Complaint except admit that Dr. Anand submitted claims to the Plaintiff pursuant to assignments of No-Fault benefits signed by the patients of Superior Medical.

94. Deny the allegations contained in paragraph 94 of the Complaint.

95. Deny the allegations contained in paragraph 95 of the Complaint in that the New York No-Fault statutes and regulations speak for themselves and respectfully refer all conclusions of law to the Court.

96. Deny the allegations contained in paragraph 96 of the Complaint in that the New York No-Fault statutes and regulations speak for themselves and respectfully refer all conclusions of law to the Court.

97. Deny the allegations contained in paragraph 97 of the Complaint in that the New York No-Fault statutes and regulations speak for themselves and respectfully refer all conclusions of law to the Court.

98. Deny the allegations contained in paragraph 98 of the Complaint in that the New York

9

No-Fault statutes and regulations speak for themselves and respectfully refer all conclusions of law to the Court but deny having knowledge or information sufficient to form a belief as to the Plaintiff's subjective belief.

99. Deny the allegations contained in paragraph 99 of the Complaint and deny having knowledge or information sufficient to form a belief as to the Plaintiff's subjective belief.

100. Deny the allegations contained in paragraph 100 of the Complaint in that the New York No-Fault statutes and regulations speak for themselves and respectfully refer all conclusions of law to the Court, but admit that the association with a management company or billing company does not mean that a medical PC is improperly owned by non-physicians and illegally operating.

101. Deny the allegations contained in paragraph 101 of the Complaint and respectfully refer all conclusions of law to the Court.

102. Deny the allegations contained in paragraph 102 of the Complaint and respectfully refer all conclusions of law to the Court

103. Deny the allegations contained in paragraph 103 of the Complaint and respectfully advise the Court that an EUO is scheduled for July 18, 2012.

104. Deny the allegations contained in paragraph 104 of the Complaint and respectfully refer all conclusions of law to the Court.

105. Deny the allegations contained in paragraph 105 of the Complaint and respectfully refer all conclusions of law to the Court.

106. Deny the allegations contained in paragraph 106 of the Complaint and respectfully refer all conclusions of law to the Court.

107. Deny the allegations contained in paragraph 107 of the Complaint and respectfully

10

refer all conclusions of law to the Court.

108.    Deny the allegations contained in paragraph 108 of the Complaint.

109.    Deny the allegations contained in paragraph 109 of the Complaint.

110.    Deny the allegations contained in paragraph 110 of the Complaint.

111.    Deny the allegations contained in paragraph 111.

## ANSWERING COUNT ONE

112.    As to paragraph 112 of the Complaint, the Defendants repeat, reiterate and re-allege their responses to paragraphs 1 through 111 inclusive as if same were fully set forth herein.

113.    Deny the allegations contained in paragraph 113 of the Complaint.

114.    Deny the allegations contained in paragraph 114 of the Complaint, except that admit that Superior Medical and Dr. Anand are entitled to No-fault Benefits from State Farm for the health services it renders to their patients.

115.    Deny the allegations contained in paragraph 115 of the Complaint and but deny having knowledge or information sufficient to form a belief as to the Plaintiff's subjective belief.

116.    Deny the allegations contained in paragraph 116 of the Complaint and respectfully refer all conclusions of law to the Court.

117.    Deny the allegations contained in paragraph 117 of the Complaint and respectfully refer all conclusions of law to the Court.

118.    Deny the allegations contained in paragraph 118 of the Complaint and respectfully refer all conclusions of law to the Court.

11

## ANSWERING COUNT TWO

119.    As to paragraph 119 of the Complaint, the Defendants repeat, reiterate and re-allege their responses to paragraphs 1 through 118 inclusive as if same were fully set forth herein.

120.    Deny the allegations contained in paragraph 120 of the Complaint.

121.    Deny the allegations contained in paragraph 121 of the Complaint.

122.    Deny the allegations contained in paragraph 122 of the Complaint.

123.    Deny the allegations contained in paragraph 123 of the Complaint.

124.    Deny the allegations contained in paragraph 124 of the Complaint.

## ANSWERING COUNT THREE

125.    As to paragraph 125 of the Complaint, the Defendants repeat, reiterate and re-allege their responses to paragraphs 1 through 124 inclusive as if same were fully set forth herein.

126.    Deny the allegations contained in paragraph 126 of the Complaint.

127.    Deny the allegations contained in paragraph 127 of the Complaint and but deny having knowledge or information sufficient to form a belief as to the Plaintiff's subjective belief.

128.    Deny the allegations contained in paragraph 128 of the Complaint.

129.    Deny the allegations contained in paragraph 129 of the Complaint.

130.    Deny the allegations contained in paragraph 130 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

131.    The Plaintiff has failed to state a cause of action.

12

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

132.   The Plaintiff failed to comply with conditions precedent to commencing this action.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

133.   The Plaintiff's claims are barred based on breach of contract and/or anticipatory breach.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

134.   The Plaintiff's claims are barred by the theory of the Economic Loss Rule.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

135.   The Plaintiff's claims are barred by the doctrines of waiver and estoppel.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

136.   The Plaintiff's claims are barred by the doctrine of accord and satisfaction.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

137.   The Plaintiff's claims are barred by the doctrine of Unclean Hands.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

138.   The Plaintiff's claims are barred by the theory of Laches.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

139.   The Plaintiff failed to plead fraud with the requisite particularity.

13

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

140.   State Farm has violated New York Insurance Law and other laws as set forth in the

Defendants' Counterclaims and therefore lacks standing to assert such claims.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

141.   The Plaintiff failed to mitigate its damages, if any.

## AS AND FOR A TWELVE AFFIRMATIVE DEFENSE

142.   The Plaintiff's alleged damages were sustained, in whole or in part, through the acts

and omissions of the Plaintiff or through acts and omissions of 3rd Parties hired by the Plaintiff.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

143.   The Plaintiff failed to describe its alleged injuries or alleged cause(s) thereof with

sufficient particularity to enable each Defendant to determine what additional defenses they may

have. Therefore, each Defendant reserves the right to assert additional defenses and amend this

Answer as further information concerning the alleged injuries and the alleged cause thereof is

provided.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

144.   Dr. Anand had sole control over the healthcare services performed at Superior

Medical Rehab P.C. and had the sole control over the details of the work performed and the results

produced.

14

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

145. Dr. Anand supervised the work of all healthcare personnel at Superior Medical, either directly or indirectly, and retained the right to terminate all healthcare personnel at Superior Medical Rehab P.C. and to set their hours.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

146. The Plaintiff has engaged in a pattern of claim avoidance and has acted in bad faith through harassing verification requests without a showing of good cause to make such requests in violation of New York State Law.

## AS AND FOR A FIRST COUNTER-CLAIM
## BREACH OF CONTRACT AND NEW YORK STATE LAW

147. Superior Medical is a duly registered professional corporation under the laws of the State of New York and is solely owned, controlled and operated by Dr. Anand.

148. At all relevant times, Superior Medical and Dr. Anand provided medical services to State Farm's eligible injured persons under private insurance contracts. The medical treatments were determined to be medically necessary, based on Dr. Anand's education and experience.

149. State Farm sold insurance contracts to citizens of New York who received medical services from Superior Medical and Dr. Anand. Said insurance contracts included personal injury protection. State Farm continues to sell such policies and collect premiums to date.

A. New York State Law

150. The No-Fault regulations, 11 NYCRR chapter 65, mandate that an insurer only make reasonable requests for EUOs and other verifications, assist claimants in the processing of claims and

15

to not treat claimants adversaries.

151. New York Insurance Law §2601 forbids an insurer doing business in New York to engage in unfair claim settlement practices, including, but not limited to: knowingly misrepresenting to claimants pertinent facts or policy provisions relating to coverage at issue; not attempting in good faith to effectuate prompt, fair and equitable settlements of claims where liability is reasonably clear; and failing to promptly disclose other coverage available.

152. N.Y. General Business Law § 349 forbids deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state. Section 349 provides a private right of action to anyone injured by reason of any violation of the section.

153. Under N.Y. Insurance Law § 3217-b, no insurer may prohibit or restrict a health care provider from 1) disclosing to any insured any information that such provider deems appropriate regarding the insured's condition or course of treatment or the terms of the policies; or from advocating approval or coverage of a particular course of treatment or for the provisions of health care services.

154. New York Insurance Law §§ 2101 and 2102 mandates that anyone who adjusts insurance claims must have a license.

155. In complete disregard for its insureds and the general public, State Farm's pattern of claims adjusting violated, and continues to violate, the above laws.

B. Actions of State Farm

156. At all relevant times, State Farm, through its agents, servants, independent contractors and/or employees, engages in an illegal course of conduct by belonging to an enterprise, the National

16

Insurance Crime Bureau, established, operated, and controlled by the insurance companies, and participates in the violation of New York State and Federal Laws including HIPPA Laws by exchanging and releasing their insureds' medical information without consent.

157. At all relevant times, State Farm, through its agents, servants, independent contractors and/or employees, engages in an illegal course of conduct by using and conspiring with vendors, included but not limited to the list annexed hereto as Exhibit "A" by splitting fees with doctors and practicing medicine, all in violation of New York State Insurance, Business Corporation, Limited Liability Company, Education and Public Health Laws as well as Federal Laws ("the Stark Laws"), which prohibit non-professionals from practicing medicine, or controlling, exercising undue influence over or deriving economic benefit from the practice of medicine, and prohibit self-referrals, kickbacks, and/or fee splitting between doctors, non-healthcare professionals or other entities.

158. At all relevant times, State Farm, through its agents, servants, independent contractors and/or employees, engages in an illegal course of conduct by using medical referral services that refer State Farm's insureds to healthcare providers to perform medical examinations ["IME healthcare providers"] in order to deny its insureds coverage. The IME healthcare providers create pre-determined and essentially identical fraudulent reports for every Eligible Injured Person (EIP) that limits treatment, determine that no further treatment is needed or determine that treatment was not necessary all in violation of New York State Insurance, Business Corporation, Limited Liability Company, Education and Public Health Laws as well as Federal Laws.

159. Upon information and belief, on some occasions, IME healthcare doctors do not actually perform the purported medical exams.

160. Upon information and belief, on most occasions, IME healthcare doctors do not retain

17

their original notes and the resulting report is prepared by the fee splitting vendors, who never show the final product to the IME Doctor for approval and affixes a facsimile signature to the report.

161. State Farm also uses these illegal medical referral services to refer claims to healthcare providers who perform pre-determined and essentially identical "peer reviews" to determine whether the particular treatment, testing or supplies are medically necessary, and whether State Farm should pay the claim.

162. A healthcare provider that makes determinations regarding whether procedures should be paid is making de facto adjustments of claims. Upon information and belief, most, if not all, of the peer reviewers and IME healthcare providers are not licensed adjusters under the laws of the State of New York.

163. State Farm used unlicensed de facto adjusters to make determinations regarding the treatment and diagnosis of State Farm's insureds by Superior Medical and Dr. Anand and to make determinations regarding the payment of benefits due and owed to Superior Medical and Dr. Anand, as assignees of State Farm's insureds.

164. More often than not, the medical examinations and peer reviews will terminate treatment or find that the past treatment was medically unnecessary.

165. State Farm's insureds are required to endure multiple physical medical examinations with the constant threat that if they do not submit to the examinations then their benefits will be terminated.

166. It is State Farm's pattern of business to require its insureds to attend a medical examination after only weeks of treatment in contravention of the New York State Laws.

167. State Farm agents, servants, independent contractors and/or employees are trained

18

through a claim procedure manual to practice claim avoidance rather than claim resolution, in contravention of New York State Law.

168.    State Farm is mandated by the New York State Department of Insurance to maintain written objective standards regarding EUO's and to follow the objective standards when demanding and conducting an EUO.

169.    Upon information and belief, State Farm does not have appropriate guidelines regarding EUO's pursuant to the laws of the State of New York.

170.    State Farm routinely makes bad faith demands EUOs, of both its insureds and healthcare providers of its insureds, in order to deny the claims. No Fault Regulations require that insurance companies do not request EUOs routinely.

171.    At the EUOs, State Farm asks questions that are outside the scope of medical treatment. State Farm knowingly and intentionally uses the EUOs in bad faith to obtain documents and information which State Farm would not otherwise be permitted to have.

172.    Upon information and belief, State Farm uses EUO testimony to trump up frivolous allegations of fraud.

173.    Under information and belief, State Farm demands EUOs after it has denied, or decided to deny, a claim.

174.    State Farm's insureds enter contracts with State Farm, believing that State Farm will act in good faith and provide them with medical coverage, wage coverage, and property coverage if they are involved in a motor vehicle accident.  State Farm's insureds also enter the contract believing that State Farm is there to protect them and will not act adverse to their interests.

175.    State Farm's insureds paid millions of dollars in premiums as consideration that

19

payment for healthcare services rendered would be processed and paid in good faith.

176.    State Farm's insureds assign their claims to healthcare providers, such as Superior Medical and Dr. Anand. As assignees, Superior Medical and Dr. Anand stand in the shoes of State Farm's insureds.

177.    As assignees, Superior Medical and Dr. Anand performed the medical services, in reliance on State Farm's promise to provide coverage, adjust claims on a single claim basis, adjust claims in good faith, and act in the insured's best interest. Accordingly, Superior Medical and Dr. demanded payment from State Farm for services rendered.

178.    State Farm denied the claims in bad faith and refused to make payment for services rendered.

179.    As a result of the bad faith denial of valid claims, by State Farm, Dr. Anand continues to suffer undue financial hardship.

180.    At all relevant times, State Farm has engaged in conduct outside the contract (e.g. policies) with the intent to defeat the contract by pursuing and engaging in a course of conduct through its claim avoidance.

181.    Upon information and belief, it is, and continues to be, State Farm's pattern of business to deny claims at a higher percentage than State Farm pays claims. State Farm concealed from Dr. Anand and Superior Medical, as well as the general public, the statistics regarding denial of claims as well as the statistics regarding delay of claims.

182.    State Farm has superior knowledge which is not readily available to the general public regarding its claims protocol and denial of coverage. When State Farm's insureds enter into the contract with State Farm, the insureds are not advised of State Farm's pattern of denial.

20

183. State Farm conceals from its insured (i) that it is going to make them undergo multiple unnecessary and fraudulent physical examinations, starting only weeks after an accident; (ii) that it will question them about their treatment and the accident; (iii) that it is going to look for any way to deny coverage; (iv) that it does not have the best interest of its insureds in mind; and (v) that it is going to act in bad faith; (vi) that it is taking an adversarial position in contravention of New York State Law.

184. State Farm's fraudulent misrepresentation is collateral and/or extraneous to the contract.

185. State Farm's misrepresentations and /or concealments are contained in the written and oral communication with its insureds and their assignees, including, but not limited to, policies and declarations, denials and explanations of benefits, EUO and IME notices and other verification requests.

186. State Farm is an administrator of benefits whose profits are governed by New York State Law. Upon information and belief, State Farm has generated millions of dollars in profits by wrongfully, knowingly and intentionally holding hostage millions of dollars by delaying payment or simply failing to make payments even after the entry of a judgment in plenary actions or an award in arbitration.

187. State Farm's actions are directed at the public and are egregious and against public policy.

188. Superior Medical and Dr. Anand have submitted No-Fault claims of over $200,000 to State Farm. State Farm has refused to pay Superior Medical and Dr. Anand.

189. Wherefore, Superior Medical and Dr. Anand have been damaged by State Farm in an

21

undetermined amount which in no event is less than $1,000,000.00.

190.    Dr. Anand and Superior Medical have retained the office of Rubin & Licatesi, P.C. to collect the above overdue No-Fault benefits and pursuant to 11 NYCRR § 65-3.10 is entitled to recover attorneys' fees, calculated at Twenty percent of each overdue claim, plus statutory interest thereon, with a maximum fee of $850.00 per claim.

## AS AND FOR A SECOND COUNTERCLAIM
## CONSTRUCTIVE TRUST

191.    The Defendants repeat and re-allege allegations set forth in paragraphs 147 to 190, as if fully set forth herein.

192.    State Farm received premiums from its insureds for the promise that State Farm would indemnify them for medical treatment needed for injuries sustained from the use or operation of a motor vehicle. State Farm's promise included that it would process claims in good faith.

193.    The No-Fault Regulations imposes an additional duty on insurers beyond the contractual obligations. The No-Fault Regulations, 11 NYCRR § 65-3.2, state that an insurer is to assist the applicant in the processing of a claim; to not treat the applicant as an adversary; not to demand verification of facts unless there are good reasons to do so; and clearly inform the applicant of the insurer's position regarding any disputed matter.

194.    Therefore, a constructive trust fiduciary relationship exists between State Farm and its insureds.

195.    As assignees, Superior Medical and Dr. Anand performed medical treatment in reliance on State Farm's promise that it would pay for services rendered to its insureds and process claims in good faith. Superior Medical and Dr. Anand took on the responsibility and liabilities that

22

attach to a doctor treating a patient.

196.    State Farm is under a duty to act for the benefit of, and cooperate with, its insureds, and Superior Medical and Dr. Anand as assignees, regarding processing their insureds' claims under State Farm policies.

197.    State Farm breached its duty by violating the provisions of 11 NYCRR by treating Superior Medical and Dr. Anand as adversaries and by failing to make payments for services rendered in reliance of State Farm's duty.

198.    Wherefore, Superior Medical and Dr. Anand have been damaged by State Farm in an undetermined amount which in no event is less than $1,000,000.00.

## AS AND FOR A THIRD COUNTERCLAIM
## FRAUDULENT CONCEALMENT

199.    The Defendants repeat and re-allege allegations set forth in paragraphs 147 to 198, as if fully set forth herein.

200.    State Farm possesses superior knowledge regarding claim policy processing and has a duty to pay Superior Medical and Dr. Anand for services rendered.

201.    At no time during the lengthy claim handling period following the accrual of claims for payment of services rendered did State Farm disclose the true nature of its claims processing.

202.    As alleged with particularity above, State Farm concealed from Dr. Anand and Superior Medical material facts related to the covert and corrupt handling of medical payment coverage. State Farm breached and willfully violated the duty of good faith and fair dealing owed to Dr. Anand and Superior Medical, which among other things required that State Farm be honest in its dealings. The concealment of material facts amount to affirmative actions designed to prevent, and

23

which did prevent, Dr. Anand and Superior Medical from discovering facts tantamount to actionable fraud. Such acts or omissions constitute fraudulent concealment of viable cause(s) of action Dr. Anand and Superior Medical may have against State Farm.

203.    State Farm knows that Dr. Anand and Superior Medical were acting on the basis of mistaken knowledge regarding the medical payment of the State Farm motor vehicle policies. State Farm's fraudulent concealment and omission of material facts was a direct and proximate cause of damages sustained by Dr. Anand and Superior Medical.

204.    Wherefore, Superior Medical and Dr. Anand have been damaged by State Farm in an undetermined amount which in no event is less than $1,000,000.00.

## AS AND FOR A FOURTH COUNTERCLAIM
### FRAUD, MISREPRESENTATION AND DECEIT

205.    The Defendants repeat and re-allege allegations set forth in paragraphs 147 to 203, as if fully set forth herein.

206.    As alleged with particularity above, State Farm made multiple verbal and written representations to its insureds, Dr. Anand and Superior Medical regarding the payment for the subject medical services.

207.    The representations were material in nature and knowingly false, and included among others, representations concerning the investigation, adjustment, claims handling and supposed merits of Dr. Anand and Superior Medical's claims. Such representations were deceitful and were perpetrated as part of a covert plan or scheme contrived by State Farm to procure and convert revenue by denying payment for services rendered by Dr. Anand and Superior Medical to State Farm's insureds knowingly and intentionally designed in advance to deny coverage.

24

208. State Farm intended that the public as a whole, as well as Dr. Anand and Superior Medical act upon the multiple verbal and written, false and material representations by, among other things, divesting covered benefits and/or settling, or otherwise disposing, claims.

209. State Farm possesses superior knowledge not readily available to the general public. State Farm's insureds were ignorant of the multiple verbal and written, false and material representations. State Farm knew that the general public has no knowledge of the covert plan or scheme contrived by State Farm to deny coverage.

210. State Farm's multiple verbal and written, false and material representations, including those perpetrated as part of the covert scheme to defraud, were the direct and proximate cause of damages sustained. Wherefore, Dr. Anand and Superior Medical have been damaged by State Farm in an undetermined amount which in no event is less than $1,000,000.00.

## AS AND FOR A FIFTH COUNTERCLAIM
## UNJUST ENRICHMENT

211. The Defendants repeat and re-allege allegations set forth in paragraphs 147 to 210, as if fully set forth herein.

212. State Farm has received millions of dollars in premiums from its insureds.

213. State Farm unjustly kept the premiums and increased its profits by failing to make payments that it was legally obligated to make to reimburse Dr. Anand and Superior Medical.

214. State Farm thereby was unjustly enriched by an undetermined amount of no less than $200,000.00 for services rendered since September 2007.

215. Wherefore, Dr. Anand and Superior Medical have been damaged by State Farm in an undetermined amount which in no event is less than $200,000.00.

25

## AS AND FOR A SIXTH COUNTERCLAIM
### VIOLATION OF NEW YORK GENERAL BUSINESS LAW SECTION 349

216. The Defendants repeat and re-allege allegations set forth in paragraphs 147 to 215, as if fully set forth herein.

217. State Farm's actions, as alleged with particularity above, are and continue to be a danger to the public interest.

218. State Farm has also subjected Dr. Anand and Superior Medical's employees to numerous EUOs, in an attempt to cause Superior Medical and Dr. Anand to interrupt their businesses to send their owner and employees to the EUOs.

219. The EUO requests were allegedly for testimony about the treatment of the patients. But, the EUO notices requested voluminous documentation that did not concern the treatment of patients. State Farm requested documents regarding ownership, management and leases of Superior Medical and Dr. Anand; including tax returns, bank account information and documents "relating to the income and expenses" of Superior Medical and Dr. Anand.

220. The requesting of EUOs based on individual patients concealed the real reason for State Farm's requests for EUOs: that State Farm sought to fabricate a reason to allege that Superior Medical is a "improperly incorporated medical corporations."

221. By law, insurers verifying No-Fault claims may not seek information regarding the corporate ownership healthcare providers without "good cause." The Defendants have continually asked State Farm to state the foundation for its allegations and requests regarding the corporate validity of Superior Medical, State Farm has refused to state such a foundation.

222. Upon information and belief, State Farm's refusal to state the foundation for its

26

allegations regarding the corporate validity of Superior Medical is an attempt by State Farm to cover up its lack of any factual basis for said allegations.

223. The unfounded verification requests regarding Superior Medical's corporate validity has held up numerous No-Fault claims by Superior Medical and Dr. Anand. Upon information and belief, State Farm is using the unfounded verification requests to cover up that it is delaying paying Superior Medical and Dr. Anand's claims in general.

224. Such actions by State Farm constitute barriers to reimbursement by Superior Medical and Dr. Anand and harm the public at large by both restricting the public's access to healthcare providers and by frustrating the objective of the No-Fault Scheme.

225. As a result, State Farm has engaged in deceptive practices in violation of General Business Law § 349.

226. State Farm's deceptive practices were designed to target Dr. Anand.

227. State Farm's deceptive practices were a direct and proximate cause of damages sustained by Superior Medical and Dr. Anand. Wherefore, Superior Medical Rehab P.C. and Dr. Anand have been damaged by State Farm in an undetermined amount which in no event is less than $200,000.00.

## AS AND FOR AN SEVENTH COUNTERCLAIM
## DECLARATORY JUDGMENT

228. The Defendants repeat and re-allege allegations set forth in paragraphs 147 to 227, as if fully set forth herein.

229. There is an actual case and controversy between State Farm and Superior Medical and Dr. Anand as to all medical services rendered and State Farm's failure to make payment to Superior

27

Medical and Dr. Anand.

230. State Farm has denied payment for medical services performed by Superior Medical and Dr. Anand and has alleged that Superior Medical is a "fraudulent" corporation.

231. Instead of paying claims, State Farm continually requested EUOs of Superior Medical and Dr. Anand since August 2008, on the ground that it "needs to determine" whether Superior Medical and Dr. Anand were licensed healthcare providers who had standing to make No-Fault claims. As part of its requests for an EUO, State Farm continually requested the financial records of Superior Medical.

232. Since September, 2008, upon receiving requests for the EUOs, Superior Medical and Dr. Anand objected to State Farm's EUO requests, and the corresponding requests for financial documents, which State Farm's Complaint conceals.

233. Superior Medical and Dr. Anand did submit corporate and licensing documents to State Farm, which State Farm's Complaint conceals.

234. Pursuant to 11 NYCRR § 65-3.2, Superior Medical and Dr. Anand asked State Farm for its good faith basis for requiring an EUO on both the medical treatment and corporate status issues.

235. State Farm continually refused to state its good faith basis for requiring an EUO of Superior Medical and Dr. Anand. Instead, State Farm either:

   a) repeated the cookie-cutter allegations in its EUO notices;

   b) said the case of *State Farm Mut. Auto. Ins. Co. v Mallela* automatically gave it a right to challenge a provider's corporate status without good cause;

   c) cited an Insurance Department Opinion Letter regarding the content of the EUO

notice themselves, and not responses to objections made pursuant to 11 NYCRR §
65-3.2;

d) changed the subject to State Farm's general standards for conducting EUOs.

236.    An insurer's investigation of a single provider is not the same as an insurer's general
standards. Therefore, requesting the good faith basis to challenge a single provider's corporate status
is not a request for State Farm general standards.

237.    State Farm did not give specific responses to Superior Medical and Dr. Anand's
objections until a year later, when Superior Medical brought a court action for payment of No-Fault
benefits.

238.    In opposition to Superior Medical's court action, State Farm submitted an October
2009 affidavit by investigator Stacey Feeney. State Farm's counsel subsequently cited Ms. Feeney's
affidavit as listing the reasons for State Farm's EUO request.

239.    Ms. Feeney made unfounded allegations against Superior Medical and Dr. Anand
without ever alleging that she even visited either office.

240.    In 2010, in response to arbitrations filed by Superior Medical and Dr. Anand, State
Farm submitted an affidavit by investigator Barbara Stolfe that changed State Farm's allegations
from those made by Ms. Feeney.

241.    Because State Farm relied on the allegations of Ms. Feeney in October 2009, the
allegations of Ms. Stolfe in 2010 could not have been the basis for State Farm's request for an EUO
in August 2008.

242.    Both Ms. Feeney's and Ms. Stolfe's affidavits, as well as State Farm's Compliant
intentionally and knowingly made or caused to be made material, false and fraudulent statements

29

accusing Superior Medical and Dr. Anand of "control" by laymen, without any factual basis for such allegations, solely because they use a billing company.

243. State Farm's allegations amount to "guilt-by-association" and "guilty until proven innocent."

244. State Farm admits that Superior Medical was incorporated on September 17, 2007 and has been continuously operating at 35-50 92nd Street, Jackson Heights, New York. State Farm is aware that Dr. Anand opened a second location of Superior Medical at 3857 Kings Highway, Brooklyn, New York in January 2008, while still operating Superior Medical at 35-50 92nd Street, Jackson Heights. State Farm is aware that Superior Medical operated at 3857 Kings Highway, Brooklyn for only approximately 30 days.

245. State Farm is well aware that its action against Dr. Manuel Farescal and his corporations has been discontinued. State Farm frivolously alleges that the litigation against Dr. Farescal is "currently pending."

246. State Farm has withheld over $200,000 from Superior Medical and Dr. Anand. It is State Farm's pattern to withhold large sums of money from healthcare providers and then allege that laymen "siphoned profits" from the providers.

247. The Defendants seek a judgment declaring that Dr. Anand and Superior Medical are not controlled by laymen and that State Farm must pay Superior Medical and Dr. Anand for outstanding services rendered.

248. In the event that this Action is decided in favor of Superior Medical and Dr. Anand, they are entitled to recover all legal fees and expenses incurred as a result of the legal actions taken by the plaintiff to free itself of the policy obligations to Superior Medical and Dr. Anand, as

assignees of State Farm's insureds.

249.    Wherefore, Superior Medical and Dr. Anand have been damaged by State Farm in an undetermined amount which in no event is less than $200,000.00 including all legal fees and expenses incurred in this litigation.

## AS AND FOR AN EIGHTH COUNTERCLAIM
## ACTUAL DAMAGES AGAINST STATE FARM

250.    The Defendants repeat and re-allege allegations set forth in paragraphs 147 to 249, as if fully set forth herein.

251.    State Farm entered into contracts (insurance policies) with assignors of Superior Medical and Dr. Anand.    The contracts provided that State Farm would provide insurance coverage/benefits in the event that its insureds are injured as a result of the use and operation of a motor vehicle.  State Farm receives millions of dollars in premiums by its insureds for consideration of entering into the contract for insurance.

252.    As a result of State Farm's of breach of duties and acts and omissions, as alleged with particularity above, Superior Medical and Dr. Anand are entitled to a judgment against State Farm, for actual, compensatory and consequential damages, in an undetermined amount which in no event is less than $200,000.00; plus court costs, litigation expenses, and pre and post judgment interest at the legally allowable limit, along with punitive damages, in an undetermined amount which in no event is less than $1,000,000.00.

## AS AND FOR A NINTH COUNTERCLAIM
## FRIVOLOUS ACTIONS

253.    The Defendants repeat and re-allege allegations set forth in paragraphs 147 to 252, as

31

if fully set forth herein.

254.    At all times, State Farm has known that Superior Medical is a properly formed and operated professional corporation, controlled by Dr. Anand.

255.    As set forth above, State Farm has continually requested verifications and EUOs of Superior Medical in a fishing expedition to not only delay claims, but to harass Dr. Anand.

256.    State Farm's conduct is frivolous in that it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law and is undertaken primarily to delay and prolong resolution of these claims and to harass and maliciously injure Dr. Anand.

257.    In the event that this Action is decided in favor of Superior Medical and Dr. Anand, they are entitled to recover all legal fees and expenses incurred as a result of the legal actions taken by the plaintiff to free itself of the policy obligations to Superior Medical and Dr. Anand, as assignees of State Farm's insureds.

258.    Wherefore, Superior Medical and Dr. Anand have been damaged by State Farm in an undetermined amount which in no event is less than $200,000.00, along with punitive damages, in an undetermined amount which in no event is less than $1,000,000.00.

## DEMAND FOR JURY TRIAL

259.    The Defendants demand trial by jury.

WHEREFORE, the Defendants demand judgment

1) Dismissing the Complaint;

2) Granting the Defendants judgment on the First Counterclaim of least $1,000,000.00, with

32

the full amount to be determined at trial and legal fees, calculated at Twenty percent of each overdue claim, plus statutory interest thereon, with a maximum fee of $850.00 per claim;

3) Granting the Defendants judgment on the Second Counterclaim of least $1,000,000.00, with the full amount to be determined at trial;

4) Granting the Defendants judgment on the Third Counterclaim of least $1,000,000.00, with the full amount to be determined at trial;

5) Granting the Defendants judgment on the Fourth Counterclaim of least $1,000,000.00, with the full amount to be determined at trial;

6) Granting the Defendants judgment on the Fifth Counterclaim of least $200,000.00, with the full amount to be determined at trial;

7) Granting the Defendants judgment on the Sixth Counterclaim of least $200,000.00, with the full amount to be determined at trial;

8) Granting the Defendants judgment on the Seventh Counterclaim for declaratory judgment, that State Farm must pay the Defendants for outstanding services rendered of at least $200,000.00 including all legal fees and expenses incurred in this litigation;

9) Granting the Defendants judgment on the Eight Counterclaim for actual, compensatory and consequential damages, in an undetermined amount which in no event is less than $200,000.00; plus court costs, litigation expenses, and pre and post judgment interest at the legally allowable limit, along with punitive damages, in an undetermined amount which in no event is less than $1,000,000.00;

10) Granting the Defendants judgment on the Ninth Counterclaim, for actual, compensatory and consequential damages, of at least $200,000.00, together with punitive damages of at least

33

$1,000,000.00, with the full amount to be determined at trial;

      11) granting the Defendants attorneys' fees, litigation expenses, court costs and pre and post-

judgment interest, and for such other and further and different relief as the Court may deem just and

proper.

Dated: Garden City, New York
      July 6, 2012

Yours, etc.,

RUBIN & LICATESI, P.C.
By: Anthony J. Licatesi
Attorneys for Defendants
SUPERIOR MEDICAL REHAB P.C. AND
SIMA ANAND MD
591 Stewart Avenue, Fourth Floor
Garden City, NY 11530
(516) 227-2662

To:    Ira G, Greenberg (IG-6156)
       EDWARDS WILDMAN PALMER LLP
       Attorneys for Plaintiff
       STATE FARM MUTUAL AUTOMOBILE
       INSURANCE COMPANY
       750 Lexington Avenue, 8th Floor
       New York, NY 10022
       (212)308-4411
       igreenberg@edwardswildman,com

## EXIBIT "A"

1. 684 Medical PC
2. Access Case Management LLC
3. Advanced Medical Imaging of Long Island PC
4. Advanced Psychological Evaluations PC
5. AdvoCase, LLC
6. Aimes Enterprises Inc.
7. A&K Professionals, Inc.
8. All Borough Chiropratic Examination, P.C.
9. Alternative Consulting & Examinations
10. American Claims Group Inc.
11. American Medical Evaluation, PLCC
12. American Risk Services Inc.
13. AmeriMed Independent Examinations
14. Arrow Claims Services Inc.
15. ASK 4 Reports, LLC
16. Beth Israel Medical Center
17. BME Gateway Medical Services
18. Bradley IME Inc.
19. Brain & Spine Medical Services, PLLC
20. Broadway Evaluations Inc.
21. Brookside Consultants Inc.
22. Capital Medical Services, P.C.
23. Case Management Network Inc.
24. Certified Management Consultants Inc.
25. Claims Management Systems
26. CMME, Inc.
27. Community Care Physicians, PC
28. COMPMED, LLC.
29. Comprehensive Medical Reviews
30. Comprehensive Review Services Inc.
31. Consolidated Management Associates (CMA), LLC
32. Consolidated Medical Mgmt. Corp.
33. Continental Evaluations, Inc.
34. Corvel IME Corp.
35. Country-Wide Medical Services (Insight Medical Ser)
36. Crawford & Company of New York
37. Credentialed Medical Enterprises Inc.
38. Crossland Medical Review Services Inc.
39. Crossland Medical Services PC
40. Data Pro Consulting, Inc.

41. Daybreak Consulting Services Inc.
42. D&D Medical Associates, P.C.
43. DDA Management Services, LLC
44. Dental Review PC
45. Eagle National Consultants, Inc.
46. Eastern Claims Service Inc.
47. Ecology and Environment Inc.
48. Elite Consulting Resources, Inc.
49. Empire Assessment Group LLC
50. Empire IME Consulting, LLC
51. Empire Medical Management Ltd.
52. Empire Open Network IPA, LLC.
53. Empire Stat Inc.
54. Empire Stat Group, LLC
55. Empire Stat Medical Review, PC
56. ENAR Associates Inc.
57. Erie Medical Evaluations Assoc. Inc.
58. Exam Coordinators, Inc.
59. ExamWorks Evaluations of New York, LLC
60. Excellent Management Services Inc.
61. Expert Claims Services, Inc.
62. Express Exams, Inc.
63. FCME Management Inc.
64. First Managed Care Option Inc.
65. Five Boro Scheduling, LLC
66. Foremost Independent Medical Exams, P.C.
67. Garger Associates, LLP
68. Garger C. Associates
69. Genex Consultants Inc.
70. Global Review Services Inc.
71. ICE Exams, Inc.
72. Imedview, Inc.
73. IMEX Of NY, Inc.
74. Independent Evaluations, LLC
75. Independent MED-E-VAL Ltd.
76. Independent Medical Evaluation Company (IMEC), LLC
77. Independent Physical Exam Referrals Inc.
78. Independent Physician Opinions, PC
79. Industrial Medicine Associates, PC
80. Innovative Medical Managemnet Inc.
81. Integral Consulting Services Inc.
82. Integrated Medical PC
83. Integrated Risk Services Inc.

84. ISG of New York, Inc.
85. Island Musculoskeletal Care MD PC
86. J.H. Burnash & Co. Inc.
87. JEC Disability Management Inc.
88. JPS Consulting Inc.
89. Jurisolutions, Inc.
90. Jurispro Consulting Inc.
91. King Rehabilitation Associates Inc.
92. Kingstree Group New York, Inc.
93. Laurel Management Services of New York, Inc.
94. Lewis Research Solutions, LLC
95. Managed Care Network, Inc.
96. Marquis Medical Administrators Inc.
97. ME&D Services, Inc.
98. Medcontrol Ltd.
99. Media Referral Inc.
100. Medi-Plus Associates, Inc.
101. Medical Consultants Network of New York Inc. (MCN)
102. Medical Evaluation Specialist PC
103. Medical Examinations of New York PC
104. Medical Expense Mgmt., Inc.
105. Medical Management Group of New York Inc.
106. Medical Management Services of New York, Inc.
107. Medimax Inc.
108. MedNet Group of New York, Inc.
109. MedReps Independent Services Inc.
110. Med-Source Inc.
111. Med Source National, Inc.
112. MedSpecialty Solutions, Inc.
113. MED-VAL NY Inc.
114. MES Management Services Inc.
115. Metro Medical Services, LLC
116. Mex Inc.
117. MF Associates
118. MNI Networks, Inc.
119. National ChoiceCare Inc.
120. National Claim Evaluations Inc.
121. National Disability Consultants Inc.
122. National Risk Assessment, Inc.
123. Nationwide Evaluation Services, Inc.
124. Norwood Consultants, Inc.
125. NPR Health Management LLC
126. OmniMed Evaluation Services

127. Optimum Consulting Associates, LLC
128. Paramount Review Services (Paramount Evaluation Group, Inc.)
129. Patient Focus Medical Examinations, PC
130. Pillar Services Inc.
131. Precise Radiological Review Inc.
132. Precision Health Resources Inc.
133. Preferred Consulting Services Inc.
134. Premier Medical Review of NY Inc.
135. Premier Prizm Solutions of New York, LLC
136. Primary Resource Network Inc.
137. Prime Orthopedic Evaluations PC
138. Pro Case Management, LLC
139. Professional Evaluation Group PC
140. Professional Reviews Inc.
141. ProScan Radiology NY LLC
142. Pyramid Independent Professionals LLC
143. Qualified Exam Services, Inc.
144. Quality Review Services, Inc.
145. Read Reports Medical Review Services, LLC
146. Regional Medical Evaluations, PC
147. Rehabilitation Associates
148. Reliant Evaluations, Inc.
149. Reviewmed A Medical, PC
150. Richmond Disability Evaluation Group
151. Rising Medical Reviews Inc.
152. Riverfront Medical P.C.
153. RKI Claims, LLC
154. R & M HealthSys Management, LLC
155. Seacrest Medical Review, Inc.
156. Seaport Orthopaedics Associates, P.C.
157. SCS Support Claim Services Inc.
158. Shorman Solutions of New York, Inc.
159. Signet Medical Services, P.C.
160. Star-Med, LLC
161. Staten Island Physician Practice
162. Statewide IME Services, LLC
163. Status Evauations, Inc
164. Stedman & Garger Associates Inc.
165. Strategic Claims Solutions, Inc.
166. Streamline Services, Inc.
167. Superior Medical Consultants, LLC
168. Syracuse Orthopedic Specialist, PC
169. The Forest Hills IPA Inc.

170. The Prime Network of New York, Inc.
171. The Solution Experts of NY, LLC
172. Total IME Inc.
173. Transcion Medical PC
174. Tristate Professional Healthcare Systems, PLLC
175. UMC Medical Consultants, PC
176. Unimex Medical Exams PC
177. United Review Services Inc.
178. Universal Clinical Providers Network, LLC
179. USM of New York, LLC
180. Utopia Claims Concepts, Inc.
181. Windham Works, LLC
182. WMCI Holdings of New York, LLC
183. WMR Resources Inc.
184. Workplace Health Solutions, Inc.
185. Wright Managed Care, LLC
186. X-AMCO
187. Zelanka & Zelanka, LLP
188. Zenith Medical, PC