Ira G. Greenberg ( #IG-6156)
EDWARDS WILDMAN PALMER LLP
750 Lexington Avenue, 8th Floor
New York, NY 10022
(212) 308-4411
igreenberg@edwardswildman.com

Todd A. Noteboom (admitted *pro hac vice*)
Monica L. Davies (admitted *pro hac vice*)
LEONARD, STREET AND DEINARD
  Professional Association
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
(612) 335-1500
todd.noteboom@leonard.com
monica.davies@leonard.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>SUPERIOR MEDICAL REHAB, P.C., and SIMA ANAND, M.D.,<br><br>Defendants. | No. 12 CV 2234 (ARR) (CLP)<br><br>**REPLY TO COUNTERCLAIMS** |

## FIRST DEFENSE

For its reply to the allegations in each Paragraph of Defendants' Counterclaims, Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") states and alleges that it:

1. Denies the allegations in Paragraph 147.

2. With respect to the allegations in the first sentence of Paragraph 148, lacks knowledge or information sufficient to form a belief whether Defendants provided certain medical services to certain State Farm insureds. Denies the remaining allegations in Paragraph 148.

3. With respect to the allegations in Paragraph 149, admits that it issues automobile insurance policies, and collects insurance premiums associated with such policies, to New York residents. Further answers that such insurance policies speak for themselves and denies any allegations inconsistent therewith.

4. With respect to the allegations in Paragraph 150, answers that the regulations referenced therein speak for themselves and denies any characterization inconsistent therewith.

5. With respect to the allegations in Paragraph 151, answers that the statutory provision referenced therein speaks for itself and denies any characterization inconsistent therewith.

6. With respect to the allegations in Paragraph 152, answers that the statutory provision referenced therein speaks for itself and denies any characterization inconsistent therewith.

7. With respect to the allegations in Paragraph 153, answers that the statutory provision referenced therein speaks for itself and denies any characterization inconsistent therewith.

8. With respect to the allegations in Paragraph 154, answers that the statutory provisions referenced therein speak for themselves and denies any characterization inconsistent therewith.

9. Denies the allegations in Paragraph 155.

10. Denies the allegations in Paragraph 156.

11. Denies the allegations in Paragraph 157.

12. Denies the allegations in Paragraph 158.

13. Denies the allegations in Paragraph 159 to the extent they purport to relate to State Farm. Is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 159.

14. Denies the allegations in Paragraph 160 to the extent they purport to relate to State Farm. Is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 160.

15. Denies the allegations in Paragraph 161.

16. Denies the allegations in Paragraph 162 to the extent they purport to relate to State Farm. Is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 162.

17. Denies the allegations in Paragraph 163.

18. With respect to the allegations in Paragraph 164, answers that the medical examinations and peer reviews referenced therein speak for themselves. Denies any allegations of wrongdoing in Paragraph 164 to the extent that such allegations purport to relate to State Farm.

19. Denies the allegations in Paragraph 165.

20. Denies the allegations in Paragraph 166.

21. Denies the allegations in Paragraph 167.

22. With respect to the allegations in Paragraph 168, answers that the rules promulgated by the New York Department of Insurance speak for themselves.

23. Denies the allegations in Paragraph 169.

24. Denies the allegations in Paragraph 170.

25. Denies the allegations in Paragraph 171.

26. Denies the allegations in Paragraph 172.

27. Denies the allegations in Paragraph 173.

28. With respect to the allegations in Paragraph 174, answers that the relevant insurance policies speak for themselves. Is without information or knowledge sufficient to form a belief as to the truth of the allegations regarding insureds' alleged beliefs. Denies the remaining allegations in Paragraph 174.

29. With respect to the allegations in Paragraph 175, answers that the relevant insurance policies speak for themselves. Denies the remaining allegations in Paragraph 175.

30. With respect to the allegations in Paragraph 176, answers that the relevant insurance policies speak for themselves. Makes no response to the remaining allegations in Paragraph 176 because they assert conclusions of law to which no response is required, but to the extent that the Court deems otherwise, lacks knowledge or information sufficient to form a belief as to the truth of their allegations.

31. With respect to the allegations in Paragraph 177, answers that the relevant insurance policies speak for themselves, admits that Defendants have demanded payment from State Farm, but denies that such payment is properly due and owing. Denies the remaining allegations in Paragraph 177.

32. Denies the allegations in Paragraph 178.

33. Denies the allegations in Paragraph 179.

34. Denies the allegations in Paragraph 180.

35. Denies the allegations in Paragraph 181.

36. Denies the allegations in Paragraph 182.

37. Denies the allegations in Paragraph 183.

38. Denies the allegations in Paragraph 184.

39. Denies the allegations in Paragraph 185.

40. Denies the allegations in Paragraph 186.

41. Denies the allegations in Paragraph 187.

42. Denies the allegations in Paragraph 188.

43. Denies the allegations in Paragraph 189.

44. Denies the allegations in Paragraph 190.

45. With respect to the allegations in Paragraph 191, incorporates by reference the responses set forth in Paragraphs 1 through 44 of this Reply as though fully set forth herein.

46. With respect to the allegations in Paragraph 192, answers that the applicable insurance policies speak for themselves and denies any allegations inconsistent therewith. Denies the remaining allegations in Paragraph 192.

47. With respect to the allegations in Paragraph 193, answers that the regulations referenced therein speak for themselves and denies any characterization inconsistent therewith. Denies the remaining allegations in Paragraph 193.

48. Denies the allegations in Paragraph 194.

49. Denies the allegations in Paragraph 195.

50. Denies the allegations in Paragraph 196.

51. Denies the allegations in Paragraph 197.

52. Denies the allegations in Paragraph 198.

53. With respect to the allegations in Paragraph 199, incorporates by reference the responses set forth in Paragraphs 1 through 52 of this Reply as though fully set forth herein.

54. Denies the allegations in Paragraph 200.

55. Denies the allegations in Paragraph 201.

56. Denies the allegations in Paragraph 202.

57. Denies the allegations in Paragraph 203.

58. Denies the allegations in Paragraph 204.

59. With respect to the allegations in Paragraph 205, incorporates by reference the responses set forth in Paragraphs 1 through 58 of this Reply as though fully set forth herein.

60. Denies the allegations in Paragraph 206.

61. Denies the allegations in Paragraph 207.

62. Denies the allegations in Paragraph 208.

63. Denies the allegations in Paragraph 209.

64. Denies the allegations in Paragraph 210.

65. With respect to the allegations in Paragraph 211, incorporates by reference the responses set forth in Paragraphs 1 through 64 of this Reply as though fully set forth herein.

66. Denies the allegations in Paragraph 212.

67. Denies the allegations in Paragraph 213.

68. Denies the allegations in Paragraph 214.

69. Denies the allegations in Paragraph 215.

70. With respect to the allegations in Paragraph 216, incorporates by reference the responses set forth in Paragraphs 1 through 69 of this Reply as though fully set forth herein.

71. Denies the allegations in Paragraph 217.

72. Denies the allegations in Paragraph 218.

73. With respect to the allegations in Paragraph 219, answers that its EUO requests speak for themselves. Denies the remaining allegations in Paragraph 219.

74. Denies the allegations in Paragraph 220.

75. With respect to the allegations in Paragraph 221, answers that the applicable No-Fault regulations speak for themselves. Denies the remaining allegations in Paragraph 221.

76. Denies the allegations in Paragraph 222.

77. Denies the allegations in Paragraph 223.

78. Denies the allegations in Paragraph 224.

79. Denies the allegations in Paragraph 225.

80. Denies the allegations in Paragraph 226.

81. Denies the allegations in Paragraph 227.

82. With respect to the allegations in Paragraph 228, incorporates by reference the responses set forth in Paragraphs 1 through 81 of this Reply as though fully set forth herein.

83. Admits that there is an actual case and controversy between Defendants and State Farm. Denies the remaining allegations in Paragraph 229.

84. With respect to the allegations in Paragraph 230, admits that it has denied payment for certain claims, answers that its allegations against Defendants speak for themselves, and denies the remaining allegations in Paragraph 230.

85. With respect to the allegations in Paragraph 231, admits that it has requested EUOs from Defendants, answers that its EUO requests speak for themselves, and denies the remaining allegations in Paragraph 231.

86. With respect to the allegations in Paragraph 232, admits that Defendants have objected to State Farm's EUO requests and have consistently refused to appear for EUOs. Denies the remaining allegations in Paragraph 232.

87. Denies the allegations in Paragraph 233.

88. With respect to the allegations in Paragraph 234, answers that Defendants' responses to State Farm's EUO requests speak for themselves.

89. Denies the allegations in Paragraph 235.

90. Denies the allegations in Paragraph 236.

91. With respect to the allegations in Paragraph 237, admits that Superior Medical previously filed litigation against State Farm regarding the payment of No-Fault benefits. Denies the remaining allegations in Paragraph 237.

92. With respect to the allegations in Paragraph 238, answers that the affidavit and EUO requests referenced therein speak for themselves. Denies the remaining allegations in Paragraph 238.

93. Denies the allegations in Paragraph 239.

94. With respect to the allegations in Paragraph 240, answers that the affidavits referenced therein speak for themselves. Denies the remaining allegations in Paragraph 240.

95. Denies the allegations in Paragraph 241.

96. Denies the allegations in Paragraph 242.

97. Denies the allegations in Paragraph 243.

98. With respect to the allegations in Paragraph 244, answers that its Complaint against Defendants speak for themselves. Denies the remaining allegations in Paragraph 244.

99. With respect to the allegations in Paragraph 245, admits that the litigation referenced therein was dismissed. Denies the remaining allegations in Paragraph 245.

100. Denies the allegations in Paragraph 246.

101. With respect to the allegations in Paragraph 247, answers that the Counterclaims speak for themselves with respect to the relief sought, but denies that Defendants are entitled to any such relief. Denies the remaining allegations in Paragraph 247.

102. Denies the allegations in Paragraph 248.

103. Denies the allegations in Paragraph 249.

104. With respect to the allegations in Paragraph 250, incorporates by reference the responses set forth in Paragraphs 1 through 103 of this Reply as though fully set forth herein.

105. With respect to the allegations in Paragraph 251, answers that the applicable insurance policies speak for themselves. Denies the remaining allegations in Paragraph 251.

106. Denies the allegations in Paragraph 252.

107. With respect to the allegations in Paragraph 253, incorporates by reference the responses set forth in Paragraphs 1 through 106 of this Reply as though fully set forth herein.

108. Denies the allegations in Paragraph 254.

109. Denies the allegations in Paragraph 255.

110. Denies the allegations in Paragraph 256.

111. Denies the allegations in Paragraph 257.

112. Denies the allegations in Paragraph 258.

113. Makes no response to the allegations in Paragraph 259 because it asserts a jury demand to which no response is required. Denies that Defendants are entitled to any of the relief sought in the prayer for relief immediately following Paragraph 259.

114.   Except as expressly admitted or otherwise answered herein, denies each and every matter, statement and allegation contained in the Counterclaims.

## SECOND DEFENSE

The Counterclaims fail to state a claim upon which relief can be granted.

## THIRD DEFENSE

Upon information and belief, the Counterclaims are barred, in whole or in part, by the doctrines of wavier, estoppel and unclean hands.

## FOURTH DEFENSE

Defendants' Counterclaims are barred, in whole or in part, based on the Counterclaims' failure to satisfy the heightened pleading requirements set forth in Rule 9(b) of the Federal Rules of Civil Procedure.

## FIFTH DEFENSE

While denying all allegations of wrongdoing or liability, State Farm states that Defendants' alleged damages, if any, should be reduced in proportion to the harm attributable to Defendants themselves.

WHEREFORE, plaintiff-counterclaim defendant State Farm Mutual Automobile Insurance Company demands judgment in its favor on the counterclaims, together with the costs and disbursements attendant to their defense.

Dated: New York, NY
       July 27, 2012

                                                          Ira G. Greenberg (IG-6156)
                                                          EDWARDS WILDMAN PALMER LLP
                                                          750 Lexington Avenue, 8th Floor
                                                          New York, NY 10022
                                                          (212) 308-4411
                                                          igreenberg@edwardswildman.com

                                                          Todd A. Noteboom
                                                          (admitted *pro hac vice*)
                                                          Monica L. Davies
                                                          (admitted *pro hac vice*)
                                                          LEONARD, STREET AND DEINARD
                                                          Professional Association
                                                          150 South Fifth Street, Suite 2300
                                                          Minneapolis, MN 55402
                                                          (612) 335-1500
                                                          todd.noteboom@leonard.com
                                                          monica.davies@leonard.com

                                                          *Attorneys for Plaintiff*