LEONARD
STREET
AND
DEINARD

150 SOUTH FIFTH STREET SUITE 2300
MINNEAPOLIS, MINNESOTA 55402
612-335-1500 MAIN
612-335-1657 FAX

W. ANDERS FOLK
612.335.1559 DIRECT
ANDERS.FOLK@LEONARD.COM

May 20, 2013

The Honorable Cheryl L. Pollak
Magistrate Judge
United States District Court
Chambers Room 1230
Courtroom 13B – South
225 Cadman Plaza East
Brooklyn, NY  11201

Re:   **State Farm Mutual Automobile Insurance Company v.
      Superior Medical Rehab, P.C. and Sima Anand, M.D.
      Case No.:  CV 12-2234**

Dear Magistrate Judge Pollak:

This letter responds to the May 14, 2013 letter submitted by Defendants Superior Medical Rehab, P.C. ("Superior Medical") and Sima Anand, M.D. ("Dr. Anand) seeking a protective order barring State Farm from deposing either Defendant. Contrary to Defendants' assertions, State Farm has not deposed Superior Medical or Dr. Anand in this matter. Because Defendants cannot establish good cause for precluding routine party depositions in this case, their request for a protective order is without merit.[1]

Defendants' only asserted basis for a protective order is their contention that both Superior Medical and Dr. Anand have already been deposed in this matter. That is false. On July 23, 2012, State Farm conducted a sworn examination of Dr. Anand in an unrelated matter involving a different entity. That examination was not a deposition, but rather an examination under oath ("EUO") pursuant to New York's No-Fault Insurance Law. *See* 11 N.Y.C.R.R. § 65-3.5. Under New York law, an EUO is a condition precedent to no-fault coverage, and such an examination in no way limits a party's discovery rights in civil litigation. *Cambridge Med., P.C. v.*

---

[1] On April 19, 2013, State Farm served a renewed notice of deposition to Superior Medical pursuant to Federal Rule of Civil Procedure 30(b)(6), scheduling the deposition for May 15, 2013. State Farm has not yet noticed the individual deposition of Dr. Anand.

*A Professional Association*
LAW OFFICES IN MINNEAPOLIS • MANKATO • ST. CLOUD • BISMARCK • WASHINGTON, D.C.
WWW.LEONARD.COM

May 20, 2013
Page 2

*Adirondack Ins. Exch.*, No. 009158 CVN 08, 2009 WL 1843790, at *2 (N.Y. City Civ. Ct. June 29, 2009) (explaining that "[t]he fact that the action was brought under the no-fault law is irrelevant to the demand for a deposition" and "does not limit a party's right to discovery sought in good faith"); *see also Kamin v. Cent. States Fire Ins. Co.*, 22 F.R.D. 220, 220 (E.D.N.Y. 1958) (requiring party to attend a deposition even though EUO on same matters had been conducted). Here, the EUO related solely to Dr. Anand's practice at a facility in Huntington, New York, and thus did not address the claims or counterclaims in this case. Indeed, State Farm's counsel clearly noted on the record that the EUO had nothing to do with claims by or against Superior Medical:

> This EUO isn't about Superior. . . . Our position is very simple, that these claims relate to her practice in Huntington, okay. These are the documents that have been provided to us. She hasn't submitted a claim to State Farm regarding Superior my understanding is for almost four months. And this EUO relates to her practice in Huntington and only to that.

(EUO Tr., attached as Ex. 1, at 146:5-6, 16-25.)

The instant lawsuit involves allegations that Dr. Anand and Superior Medical committed widespread fraud against State Farm by, among other things, fraudulent incorporation and engaging in a fraudulent treatment scheme. The facts that are at issue in this lawsuit involve Superior Medical Rehab, P.C., and not Dr. Anand's Huntington practice. Defendants' suggestion that the EUO constituted a deposition in this matter is therefore entirely without merit.

State Farm is entitled to depose Dr. Anand and Superior Medical in connection with the claims and counterclaims asserted in this lawsuit. Because Defendants have not identified "good cause" for preventing their depositions, their request for a protective order should be denied.

As a separate matter, in light of the conference with the Court scheduled for May 30, 2013, undersigned counsel asks the Court to address the production of document discovery in this matter by Dr. Anand and Superior Medical Rehab P.C. Counsel is aware that Dr. Anand has retained new counsel and is aware of all parties' busy schedules, however, document production in this matter is proceeding at an extremely slow place. As such, State Farm seeks to have the Court provide a deadline for production of documents in the next 30-45 days.

Respectfully,

W. Anders Folk

9800255v3

# EXHIBIT 1

SimaAnandMD.txt

```
 1
 2   ------------------------------------------X
     In the Matter of the Claim of:
 3
     PROVIDER:  SIMA ANAND, M.D.
 4
     Claim Nos:
 5
 6   CLAIMANTS:
 7
 8   ------------------------------------------X
 9                        591 Stewart Avenue
                          Garden City, New York
10
                          July 23, 2012
11                        10:00 a.m.
12
13
14
15
16           EXAMINATION UNDER OATH of SIMA
17   ANAND, M.D., the Provider herein, pursuant
18   to Insurance Policy, held at the above-noted
19   time and place, before a Notary Public of
20   the state of New York.
21
22
23
24
25

     ALLIANCE REPORTING SERVICE, INC.   (516) 741-7585
```

SimaAnandMD.txt
```
 4   examinations which you do every 30, 45 days
 5   or so, you do a manual range of motion; is
 6   that right?
 7       A     I don't do manual range of
 8   motion.  I rely on my digital inclinometer.
 9       Q     You don't do range of motion at
10   all?
11       A     I don't write down the numbers.
12   I don't -- you know, I basically have -- I
13   do the physical examination.  I have them
14   flex, extend.
15       Q     You don't write down what the
16   percentages of impairments are that you
17   think exist, in other words, ten degrees or
18   five degrees of limitation?
19       A     Right.
20       Q     But you still have the patient
21   do all of the movements in your own
22   follow-up examination that are done using
23   the computer at a different period of time?
24       A     Yes.
25       Q     And based upon what you view in
```

ALLIANCE REPORTING SERVICE, INC.    (516) 741-7585

146

```
 1                     Anand
 2   your physical examination, you make
 3   notations in the charts like you do with Mr.
 4   Sully or with Miss Cruz by way of example
 5   showing what your findings were; is that
```
Page 136

SimaAnandMD.txt

6  right?
7     A     Correct.
8     Q     So if there were limitations in
9  pain you would note that, you might not say
10 it's five degrees or two degrees, but you
11 would make a notation?
12    A     Correct.
13    Q     The computer, your position is
14 that the computer statistically measures
15 what that level of restriction is, okay, by
16 virtue of it being able to quantify the
17 number; is that right?
18    A     Yes, that's correct.
19    Q     Can you explain to me how that
20 serves to benefit the patient on a long-term
21 basis?
22    A     I like to do that, the range of
23 motion, by digital inclinometry initially
24 when the patient comes in.  Then I give the
25 patient my recommendations.  If I feel they

ALLIANCE REPORTING SERVICE, INC.   (516) 741-7585

147

1                Anand
2  should get physical therapy, if I felt they
3  should go to pain management, and then I
4  like to do the test again to see if there
5  was any difference.  Did the patient improve
6  with my conservative treatment?
7     Q     So you are assessing whether or

Page 137